David Abrams, Attorney at Law
305 Broadway Suite 601
New York, New York 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York
_____

|  |  |  |
|---|---|---|
| Samara Simeon, | ) | |
| Plaintiff, | ) | |
| - against - | ) | No. |
| T&CKELLY LLC a/k/a T & C Deli | ) | |
| Defendant. | ) | |

_____)

## COMPLAINT

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.      Introduction**

1.      This is an action for unpaid overtime/wages under the Fair Labor Standards Act and New York Wage & Hour Regulations.  Plaintiff also alleges a failure to provide notice under the Wage Theft Prevention Act.

**II.      Parties**

2.      Plaintiff Samara Simeon ("Ms. Simeon") is a natural person residing in the State of New York, County of New York.

3.      Defendant T&CKELLY LLC a/k/a T & C Deli (the "Employer") is a New York limited liability company with a principle place of business in the State of New York, County of Bronx.

### III.    Venue & Jurisdiction

4.    Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(2) in that the Employer maintains a continuous and systematic presence in the Southern District and resides in the Southern District.

5.    Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act and the remaining claims for part of the same case or controversy.

6.    Personal jurisdiction exists over the Employer in that this action arises from its activities in New York, specifically the employment of the Plaintiff.

### IV.    Background

7.    The Employer operates a delicatessen and grocery store in the Bronx.

8.    Ms. Simeon was employed by the Employer for approximately 6 months until her employment ended in or about April of 2016.  Ms. Simeon performed services as a counter worker and cashier.

9.    In the course of her job duties, Ms. Simeon regularly processed credit card transactions for customers who paid for their food and drinks with credit cards.  This entailed using the credit card machine which would send electronic signals through the wires to credit card processing facilities outside the State of New York.  For example, the Visa data processing center is in Ashburn, Virginia.  Thus, every time Ms. Simeon processed a Visa transaction, she would be sending signals through wires from New York to Virginia and back.

9.    Ms. Simeon's typical schedule was 7 days per week, 12 hours per day without off days.  Thus, she regularly worked approximately 84 hours per week.

10.    Ms. Simeon's rate of pay for this work was $840 per week; thus, she was not paid proper overtime.

11.    In addition, there were numerous weeks in which Ms. Simeon was not paid her full wages for her work.  Further, she was not given proper notice under the Wage Theft Prevention Act.

**IV.    Causes of Action and Demand for Relief**

<u>Count One: Violation of the Fair Labor Standards Act</u>

12.    The allegations contained in the preceding paragraphs are incorporated as if restated herein.

13.    Plaintiff was an employee of the Employer within the meaning of the Fair Labor Standards Act.

14.    Further Plaintiff was "in commerce" within the meaning of the Fair Labor Standards Act in that she regularly used the means of interstate commerce in connection with her job duties.

15.    The Employer violated the Fair Labor Standards Act in that it did not properly compensate plaintiff for the hours she worked including overtime.

<u>Count II:      Violation of New York Wage & Hour Law</u>

16.    The allegations contained in paragraphs 1 through 15 are incorporated as if restated herein.

17.    Ms. Simeon was an employee of the Employer within the meaning of New York Minimum Wage Act and accompany regulations.

18.     The Employer was an employer within the meaning of the same law and regulations.

19.     The Employer violated the above law in that it did not properly compensate Ms. Simeon for the hours, including overtime hours she worked and did not provide a proper notice pursuant to the New York Wage Theft Prevention Act.

**[continued on next page]**

WHEREFORE  Plaintiff demands judgment against the Employer in the amount of her

unpaid overtime and/or wages and/or wage supplements, together with statutory

liquidated damages, costs, fees, interest; and such other and further relief that the Court

deems just in an amount not to exceed $100,000.00

Respectfully submitted,

_____

David Abrams
 Attorney for Plaintiff
Ms. Simeon

305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
dnabrams@gmail.com

Dated:      New York, NY
                October 10, 2016

5